**AFFIDAVIT IN SUPPORT OF COMPLAINT**
YEATO PRALL, DOB XX-XX-1968

I, Joseph N. Lowery Jr., Special Agent with the Federal Bureau of Investigation (FBI), Washington Field Office, Washington, D.C. (hereinafter affiant), being duly sworn, depose and state as follows:

1.  I am a Special Agent with the FBI, with federal law enforcement powers.  I have been an FBI agent for seven years.  I am currently assigned to the CR-2 Squad in Washington, D.C. (Violent Crimes Squad), which investigates allegations of interstate threats, threats to public officials, and violent offenses, and have been so assigned since June 2005.  I previously was assigned to FBI Headquarters, Washington, D.C. for three years working counterterrorism matters.  During my career, I have participated in numerous criminal investigations, to include drug violations, bank robberies, counterterrorism matters, threat cases and have participated in the execution of numerous search warrants.

2.  This affidavit is submitted in support of a criminal complaint charging YAETO PRALL, date of birth XX/XX/1968, with Interstate Communications, in violation of 18 U.S.C. §875(c).

3. The facts and information contained in this affidavit are based upon my personal knowledge and the investigation and observations of other law enforcement officers.  This affidavit contains information necessary to support probable cause for this application.  It is not intended to include each and every fact and

-2-

matter observed by me or known to the government.

4. On July 18, 2003, a female individual named YEATO PRALL filed a civil Complaint in the Superior Court of the District of Columbia, Civil Division, in connection with her belief that she was entitled to campus housing and to recover damages for her inability to obtain a Ph.D. degree from Howard University (hereafter referred to as "Howard" or "the University"), an educational institution located in the District of Columbia. In March of 2004, Prall filed several lawsuits against Howard and several Howard faculty members and employees. In addition to the lawsuit involving the Ph.D. degree, Prall filed another lawsuit and at least eight (8) applications for restraining orders, alleging that Howard had wrongfully evicted her from University housing. The University defended against the lawsuit, in part by claiming that Prall was evicted after it was determined she was no longer taking classes and had been residing in University housing without making payment.

5. The case was assigned to many judges in succession, and ultimately to Judge Canan, who in December 2004, consolidated the lawsuits filed by Prall into one case. The case proceeded without resolution, at least in part because Prall did not comply with various discovery requests and court orders. Prall and Howard litigated the discovery disputes, which for the most part, were resolved in favor of Howard.

-3-

6.   On May 15, 2006 the U.S. Marshal Service was advised that on May 13, 2006, at 9:25 p.m., a threatening e-mail had been received at the chambers of Judge Canan, located at 500 Indiana Avenue, N.W., in Washington, D.C.  The e-mail stated:

> "**Judge Canan: You are immediately advised to recuse yourself from Prall v. Howard University or any action filed by Prall or you will be found dead!  Your family members will face the same consequence.  This is not a threat but promise.  I am ashamed that I am a white male.  You are also a disgrace to the Justice system.  Court records indicate that you have been sued by Prall who you have harmed heartlessly.  Should you fail to recuse yourself immediately from all cases concerning Prall and decide to make any further rulings, you will be found dead!  Your staff will be subject to serious harm should you fail to heed the warning.**"

7.   The e-mail address from which the threat was sent is "XXX."  Pursuant to subpoena, the business entity known as "MSN Hotmail" advised that the "XXX" account was opened just prior to the sending of the threatening email to Judge Canan, and has not been used since.  MSN Hotmail identified the IP address from which that email was sent as XXX.

8.   Verizon DSL, an internet services provider, advised, pursuant to subpoena, that IP account XXX is registered to an

-4-

individual named "Sandy Kameda" [sic], residing at XXX, Frederick, Maryland, 21701.

9. Your affiant has interviewed Sandy Kamanda, who verified that he does indeed reside at XXX, Frederick, Maryland, and that he has a contract with Verizon DSL under the name "Sandy Kameda," due to a spelling error by Verizon DSL. Kamanda advised that he has known YEATO PRALL for at least seven (7) years, since they both resided in student housing at Howard. Kamanda stated that PRALL has told him on several occasions about a lawsuit she filed against Howard, and about lawsuits she filed against other individuals in unrelated matters. According to Kamanda, PRALL contacted him on Friday, May 12, 2006, and told him that she was working on her lawsuit against Howard, but needed his help because she usually used the computers at the Georgetown University law library, but Georgetown had refused her admission, telling her that only students can use the library during exam week. According to Kamanda, PRALL asked if she could use Kamanda's computer and the two made arrangements for PRALL to use Kamanda's computer, at his apartment in Frederick, Maryland, the following day.

10. According to Kamanda, PRALL arrived at his apartment at XXX, in Frederick, Maryland, early in the evening of May 13, 2006, and she had exclusive use of his computer, in his bedroom, from approximately 8:00 p.m., until at least midnight.

11. On May 15, 2006, an individual identifying herself as

-5-

YEATO PRALL called Judge Canan's chambers to inquire if the Judge had "recused himself" from the Prall v. Howard University lawsuit.

12.  Based on the above information, I believe there is probable cause to believe that May 13, 2006, within the District of Maryland, the District of Columbia, and elsewhere, the defendant YEATO PRALL, did unlawfully, knowingly and intentionally transmit in interstate commerce a communication containing a threat to injure the person of another, to wit, Associate Judge Russell F. Canan of the D.C. Superior Court, and others, in violation of 18 U.S.C. §875.

                                                                                  _____
                                                                                  Joseph N. Lowery, Jr.
                                                                                  Special Agent
                                                                                  Federal Bureau of Investigation

Sworn to and subscribed before me this ____ day of May 2006.

                                                                                 _____
                                                                                  United States Magistrate Judge