UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| v.   : | Magistrate No. 06-242M (AK) |
| : | |
| **YEATO PRALL,** : | |
| : | |
| Defendant.   : | |

**GOVERNMENT'S REQUEST FOR PREVENTIVE DETENTION**
**AND FOR A COMPETENCY EVALUATION AND TREATMENT**

The United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court 1) hold the defendant without bond, and 2) order a competency evaluation and treatment, under 18 U.S.C. §4241(a).  Based on the record, which now additionally includes a preliminary finding that the defendant is a potential harm to herself and others, the government submits that the defendant so dangerous that no condition nor combination of conditions for defendant's release can reasonably assure the safety of the community or the victim.  18 U.S.C. §3142.

**BACKGROUND**

As the Court is well aware, the government's investigation of the defendant shows that on May 15, 2006, the U.S. Marshal Service was advised of a threatening e-mail that had been received at the chambers of Judge Russell F. Canan, of the D.C. Superior Court, on May 13, 2006, which was entitled "IMPORTANT MESSAGE TO JUDGE CANAN AND STAFF!!" and which stated:

-2-

> **JUDGE CANAN: YOU ARE IMMEDIATELY ADVISED TO RECUSE YOURSELF FROM PRALL v. HOWARD UNIVERSITY OR ANY ACTION FILED BY PRALL OR YOU WILL BE FOUND DEAD! YOUR FAMILY MEMBERS WILL FACE THE SAME CONSEQUENCE. THIS IS NOT A THREAT BUT PROMISE.**
>
> **I AM ASHAMED THAT I AM A WHITE MALE. YOU ARE ALSO A DISGRACE TO THE JUSTICE SYSTEM. COURT RECORDS INDICATE THAT YOU HAVE BEEN SUED BY PRALL WHO YOU HAVE HARMED HEARTLESSLEY [*sic*]. SHOULD YOU FAIL TO RECUSE YOURSELF IMMEDIATELY FROM ALL CASES CONCERNING PRALL AND DECIDE TO MAKE ANY FURTHER RULINGS, YOU WILL BE FOUND DEAD! YOUR STAFF WILL BE SUBJECT TO SERIOUS HARM SHOULD YOU FAIL TO HEED THE WARNING.**

The e-mail appeared to be in response to a court Order, issued by Judge Canan earlier in June, in his capacity as the presiding judge over a series of civil actions that defendant Prall had brought against Howard University and others, claiming that the University wrongfully denied her access to a Ph.D degree and to University housing. In his court Order, Judge Canan sanctioned defendant Prall for numerous discovery violations. In addition, he noted that defendant Prall had filed a civil suit against him, but advised the parties that he would not recuse himself from defendant Prall's series of lawsuits.

The email was traced to a computer in the bedroom of an apartment in Frederick, Maryland. The resident of the apartment later told FBI agents that defendant Prall (a friend of his dating back to a time when they both resided in student housing at Howard University) was using the computer at the time the

-3-

threatening email was sent.[1]

## 1. **<u>Preventive Detention</u>**

At the combined preliminary and detention hearing held on May 30-31, 2006, the government argued that the defendant's behavior has escalated from defiance of court orders to threats of violence -- all apparently motivated by the defendant's frustration over her numerous, unsuccessful attempts to persuade Judge Canan to recuse himself from her civil lawsuits.  The defendant's threats are clear, unambiguous death threats, and this Court agreed not only that they demonstrate danger, but also, that there is probable cause to believe that it is the defendant who sent them.  Nevertheless, at the conclusion of the hearing, the Court set a money bond of $50,000, pending the results of a competency screening.

It was the government's intention to file, respectfully, a motion to reconsider the Court's decision to permit the defendant's release subject only to a money bond.  A money bond, while addressing the defendant's risk of flight, does not, in the government's view, adequately address the danger this defendant poses to the victim and to the community.  This danger comes even

---

[1] The government also offered evidence that the defendant sent a second e-mail, from Georgetown University law library, on May 25, 2006, but the Court determined that it would not consider this evidence, because defense counsel proffered information tending to make him a witness to the defendant's access to the law library.

-4-

more clearly into focus, in light of the recent recommendation of the mental health authorities that "[d]ue to [the defendant's] current mental condition and potential for harm to self or others, she should be transferred to a mental hospital for further examination and treatment."  Letter of Robert Benedetti, Chief, Forensic Legal Services, District of Columbia Department of Mental Health, dated June 1, 2006, at page 2.  It is clear that the potential for such a serious conclusion motivated this Court (with the defendant's concurrence) to order a mental health screening, in the first place.  And now that the defendant has been screened, the law dictates that her mental state be considered in determining conditions of release.  *See* 18 U.S.C. §3142(g) ("The judicial officer shall . . . take into account the available information concerning . . . the person's . . . mental condition").

Here, particularly where the defendant may be dangerous and mentally incompetent, it is the government's view that while a money bond provides a stake against a defendant's risk of flight, it does nothing to control violent, dangerous, or disruptive[2] behavior.  The framers of the 1984 Bail Reform Act drew a

---

[2] Defendant's counsel argued that defendant Prall does not have the ability or disposition to carry out her death threats. Counsel quite simply cannot ensure that this is true, and couldn't, at the hearing, even articulate conditions of release that might protect Judge Canan's safely or that of his family and staff.  In the meantime, the U.S. Marshal has been forced to provide a protective detail to ensure Judge Canan's safety.

-5-

distinction between factors relating to risk of flight and those involving community safety. "The Committee also notes with respect to the fact of community ties that it is aware of the growing evidence that the presence of this factor does not necessarily reflect a likelihood of appearance, and has no correlation with the question of the safety of the community." S.Rep. No. 225, 98th Cong., 2d Sess. 307, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3207.

The government requests, therefore, that the Court reconsider the decision to permit the posting a money bond, and Order that the defendant be held without bond, pending trial.

## 2. Competency Evaluation

Pursuant to 18 U.S.C. §4241(a), "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant." *Id*.

Upon such a motion, and in preparation for a hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247 (b) and (c)." *See* 18 U.S.C. 4241(b).

On May 31, 2006, with the defendant's concurrence, this Court ordered that a preliminary competency screening be

-6-

performed.  The June 1, 2006 report of Dr. Benedetti, *supra*, strongly recommended hospitalization, further evaluation, and treatment.  It is the government's position, therefore, that pursuant to 18 U.S.C. §4247, the defendant should be committed to the custody of the Bureau of Prisons, for transfer to an appropriate Federal Medical Center, for a complete competency evaluation and treatment.

## Conclusion

WHEREFORE, the government respectfully requests that this Court order that the defendant be held without bond pending trial, and that the Court issue the attached Order committing the defendant to the Bureau of Prisons for a competency evaluation and treatment.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar Number 451058

By:            /s/
_____
BARBARA E. KITTAY
D.C. Bar #414216
Assistant U.S. Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-6940
Barbara.Kittay@usdoj.gov